Joel B. Robbins (011065)
Andrew L. Gartman (031718)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home, #B-100
Phoenix, Arizona 85012
Tel: 602-285-0100
Fax: 602-265-0267
joel@robbinsandcurtin.com
andy@robbinsandcurtin.com

Troy R. Hendrickson (024055)
**TROY RICHMOND HENDRICKSON, PLLC**
P.O. Box 6518
Chandler, Arizona 85224
Tel: 480-445-9252
Fax: 480-725-8688
trh@thetrhfirm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Sanja Krstic**, an individual and surviving spouse of Ivan Krstic, deceased; on behalf of herself and the statutory beneficiaries of Ivan Krstic, deceased; <br> **Nadezda Krstic**, an individual and surviving mother of Ivan Krstic, deceased; <br> **T.K.**, an individual and surviving minor child of Ivan Krstic, deceased, through his mother Sanja Krstic; <br> **M.K.**, an individual and surviving spouse of Ivan Krstic, deceased, through her mother Sanja Krstic; and <br> **Estate of Ivan Krstic**, through its personal representative Sanja Krstic, <br><br> Plaintiffs, <br> vs. <br><br> **City of Mesa**, **Arizona**, a municipality organized under the laws of the State of Arizona; and <br> **Officer Dustin Gransee**, a City of Mesa Police Officer, in his individual capacity; and <br> **Officer Daniel Glover**, a City of Mesa Police Officer, in his individual capacity, <br><br> Defendants. | Case Nos. CV-16-02830-PHX-ROS <br> CV-16-02905-PHX <br> (Consolidated) <br><br> **SECOND AMENDED COMPLAINT** <br><br> **Jury Trial Demanded** |

For their Second Amendment Complaint against Defendants, Plaintiffs allege as follows:

**Parties**

1. Ivan Krstic was a resident of Maricopa County, Arizona. Ivan Krstic died on December 3, 2015, in Maricopa County, Arizona.

2. Plaintiff Sanja Krstic is a resident of Maricopa County, Arizona and is the surviving spouse of Ivan Krstic. She brings this matter on her own behalf and on behalf of all statutory beneficiaries of Ivan Krstic.

3. Nadezda Krstic is a resident of Maricopa County, Arizona and is the surviving mother of Ivan Krstic.

4. Plaintiff T.K. is a resident of Maricopa County, Arizona. He is a minor and the surviving son of Ivan Krstic. He brings this matter through his surviving parent, Sanja Krstic.

5. Plaintiff M.K. is a resident of Maricopa County, Arizona. She is a minor and the surviving daughter of Ivan Krstic. She brings this matter through his surviving parent, Sanja Krstic.

6. The Estate of Ivan Krstic is a legal entity that will be established under the probate laws of the State of Arizona. Plaintiff Sanja Krstic will be the Estate's personal representative.

7. Defendant City of Mesa, Arizona, is a municipality organized under the laws of the State of Arizona. It is responsible for the acts and omissions of its employees acting in the scope and course of their employment under the doctrine of *respondeat superior*. Plaintiffs do not assert *respondeat superior* liability for purposes of their civil rights claims under 42 U.S.C. § 1983.

8. Defendant Officer Dustin Gransee is an individual who resides in Maricopa County, Arizona and is employed by the City of Mesa as a police officer.

9. All of the actions, omissions, or other conduct of Defendant Dustin Gransee as described in this Second Amended Complaint were undertaken within the scope and

1 course of his employment with the Mesa Police Department.

2     10. For purposes of Plaintiffs' claims pursuant to the Civil Rights Act of 1871,
3 42 U.S.C. § 1983 ("section 1983"), Dustin Gransee is named herein in his individual
4 capacity. Dustin Gransee is a state actor for purposes of section 1983.

5     11. Defendant Officer Daniel Glover is an individual who resides in Maricopa
6 County, Arizona and is employed by the City of Mesa as a police officer.

7     12. All of the actions, omissions, or other conduct of Defendant Daniel Glover as
8 described in this Second Amended Complaint were undertaken within the scope and
9 course of his employment with the Mesa Police Department.

10     13. For purposes of Plaintiffs' claims pursuant to the Civil Rights Act of 1871,
11 42 U.S.C. § 1983 ("section 1983"), Daniel Glover is named herein in his individual
12 capacity. Daniel Glover is a state actor for purposes of section 1983

### **Jurisdiction and Venue**

14     14. This action arises under the Constitution of the United States, specifically
15 the Fourth and Fourteenth Amendments, and under the laws of the United States,
16 specifically the Civil Rights Act, 42 U.S.C. § 1983, and under Arizona law.

17     15. This Court has jurisdiction over Plaintiffs' federal civil rights claims
18 pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 144.

19     16. This Court has supplemental jurisdiction over claims arising under the laws
20 of the State of Arizona pursuant to 28 U.S.C. § 1367(c).

21     17. The acts complained of herein occurred within Maricopa County, State of
22 Arizona. All Defendants currently reside, or resided at relevant times, within the State of
23 Arizona. Thus, venue is proper in the District of Arizona pursuant to 28 U.S.C. §1391(b).

24     18. As to Plaintiffs' claims under Arizona state law, all Plaintiffs served timely
25 notices of claim upon Defendants pursuant to A.R.S. § 12-821.01, which complied in all
26 ways with the statute, were timely served, and deemed denied by operation of statute.

27     19. All jurisdiction prerequisites for Plaintiffs' claims, both state and federal,
28 have been satisfied.

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**Factual Background**

20. On December 3, 2015, at approximately 10:00 p.m., Ivan Krstic was walking along Pearl Street in Mesa, carrying a piece of rebar. According to witnesses, Mr. Krstic was inspecting the roadway, banging the road with the pipe and evaluating its materials.

21. Witnesses indicated that he did not appear to be coherent.

22. However, upon information and belief, Mr. Krstic was to meet with the homeowners' association in the near future regarding water leaks in the neighborhood.

23. Mesa Police Officers Gransee and Glover responded to a report of a man disturbing the peace.

24. Upon their arrival, the two officers exited their vehicle, both carrying weapons – Defendant Glover a Taser, and Defendant Gransee a gun.

25. The two officers confronted Mr. Krstic, who was a safe distance from the officers and did not make any threatening statements or movements.

26. They ordered Mr. Krstic to drop the pipe.

27. When he did not immediately respond, Officer Glover deployed his Taser on Mr. Krstic.

28. Defendant Glover's use of the Taser was excessive and unreasonable.

29. Mr. Krstic stood up after being shot with the Taser, and began walking again.

30. He did not, however, move toward the officers or make any threatening gestures or statements. He did not pose an immediate threat to either of the officers or any other person in the vicinity.

31. Nonetheless, Officer Gransee fired two shots from his gun at Ivan Krstic.

32. Officer Gransee wore a lapel camera, which recorded the entire incident, including the shooting. The video from Officer Gransee's lapel camera can be found [here (hyperlink to video)](#).

33. Mr. Krstic died as a result of being shot by Officer Gransee.

34. Officer Gransee's use of force was excessive and unreasonable.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

35. As a result of Mr. Krstic's death, Nadezda Krstic, Sanja Krstic, T.K. and M.K. have experienced considerable grief and emotional distress. Mr. Krstic's statutory beneficiaries have experienced economic and emotional loss as a result of the death of Ivan Krstic.

36. Ivan Krstic also experienced pre-death pain and suffering. He also suffered economic losses.

## Claims For Relief

### Count One: Civil Rights Act of 1871, 42 U.S.C. § 1983

37. The foregoing paragraphs are incorporated as though each were fully set forth herein.

38. Defendant Glover's use of the Taser was unreasonable and excessive and, as such, violated Ivan Krstic's Fourth Amendment rights pursuant to the United States Constitution.

39. Gransee's shooting of Ivan Krstic was unreasonable and excessive and, as such, violated Ivan Krstic's Fourth Amendment rights pursuant to the United States Constitution.

40. The Estate of Ivan Krstic may recover for damages caused by Defendant Glover's and Defendant Gransee's violations of his Fourth Amendment rights, including pre-death pain and suffering and economic losses.

41. The Civil Rights Act of 1871 provides for civil remedies to "the party injured" as a result of a state actor's "deprivation of any rights, privileges, or immunities secured by the Constitution…." 42 U.S.C. § 1983. The "party injured" includes the surviving family of a person killed as a result of unconstitutional conduct. Thus, Mr. Krstic's family may also recover damages caused by Defendant Gransee's violation of Mr. Krstic's Fourth Amendment rights.

42. Further, Defendant Gransee's shooting was deliberately indifferent to the rights of both Mr. Krstic and Plaintiffs, and demonstrated Defendant Gransee's purpose to harm. As such, Defendant Gransee violated Plaintiffs' right of familial association as

guaranteed by the First and Fourteenth Amendments to the United States Constitution.

43. Defendant Gransee's shooting of Ivan Krstic was the result of Defendant City of Mesa's unconstitutional policies, practices and procedures, including but not limited to a failure to train its police officers as to the circumstances in which lethal force may be used.

44. As a direct and proximate result of Defendants' breach of Plaintiffs' constitutional rights as described herein, Ivan Krstic died. All Plaintiffs sustained damages, including pain and suffering, grief, emotional distress, loss of love and affection, loss of enjoyment of life, medical expenses, and lost income, for which they are entitled to redress from Defendants.

**Count Two: Wrongful Death**

45. The foregoing paragraphs are incorporated as though each were fully set forth herein.

46. Pursuant to A.R.S. §12-611, *et seq.*, Ivan Krstic's wife may maintain an action for wrongful death against Defendants in this matter on behalf of all statutory beneficiaries for losses and injuries stemming from the loss of their husband/son/father.

47. The acts or omissions of Defendants as described herein were negligent, an assault and/or battery, a violation of Article 2, Sections 4 and 8 of the Arizona Constitution, and a violation of the Fourth and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of Defendants' wrongful conduct as described herein, Ivan Krstic died. All of Ivan Krstic's statutory beneficiaries sustained damages, including pain and suffering, grief, emotional distress, loss of love and affection, loss of enjoyment of life, medical expenses, and lost income, for which they are entitled to redress from Defendants.

**Prayer For Relief**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1  A. For compensatory damages, including but not limited to the loss of love, affection, companionship and guidance resulting from the death of Ivan Krstic, pain, grief, sorrow, anguish, stress, shock and mental suffering already experienced and reasonably probable to be experienced in the future, hedonic damages, and economic losses and loss of income;

B. For taxable costs and pre- and post-judgment interest to the extent permitted by law;

C. As to Defendant Gransee, for exemplary damages to the extent permitted by law;

D. For attorney's fees and expenses pursuant to 42 U.S.C. §1988; and

E. Such other relief as the Court deems just and proper.

### Jury Demand

Plaintiffs respectfully request a trial by jury on all issues in this matter triable to a jury.

**RESPECTFULLY SUBMITTED** this 23rd day of December, 2016.

        **ROBBINS & CURTIN, p.l.l.c.**

        By:  /s/ Joel B. Robbins
              Joel B. Robbins
              Andrew Gartman

        **TROY RICHMOND HENDRICKSON, PLLC**

        By:  /s/ Troy R. Hendrickson
              Troy R. Hendrickson

        *Attorneys for Plaintiffs*

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Duncan J. Stoutner, Esq.
Marc T. Steadman, Eq.
City of Mesa Attorney's Office
MS-1077
P.O. Box 1466
Mesa, Arizona 85211-1466
*Attorney for Defendants*

Troy R. Hendrickson, Esq.
TROY RICHMOND HENDRICKSON, PLLC
P.O. Box 6518
Chandler, Arizona 85224
*Co-Counsel for Plaintiffs*

By /s/ Julie W. Molera

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267